Walter B. FREEMAN, Appellant

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al., Appellees.

No. 15-5140
September Term, 2015

United States Court of Appeals, District of Columbia Circuit.

Filed On: April 29, 2016

Rehearing En Banc Denied July 14, 2016.

Richard M. Stephens, Attorney, Stephens & Klinge LLP, Bellevue, WA, for Plaintiff–Appellant.

Katherine J. Barton, John Charles Cruden, Assistant Attorney General, Mary Gabrielle Sprague, Esquire, Attorney, U.S. Department of Justice, (DOJ) Environment and Natural Resources Division, Washington, DC, for Defendants–Appellees.

Before: Rogers, Brown and Pillard, Circuit Judges.

## JUDGMENT

Per Curiam

This appeal from the United States District Court for the District of Columbia was considered on the record from the Interior Board of Land Appeals and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the judgments of the District Court are **AFFIRMED**.

Walter Freeman sued the U.S. Department of the Interior (DOI or the Department), challenging as arbitrary, capricious, not in accordance with the law, and unsupported by substantial evidence two decisions of the Department's Interior Board of Land Appeals (IBLA) that invalidated his mining claims on federal land. The Department made those two determinations so that the United States Court of Federal Claims, which was considering Freeman's takings action, could decide whether Freeman had any compensable property rights in those mining claims. The District Court granted summary judgment to the Department. *See Freeman v. U.S. Dep't of the Interior*, 83 F.Supp.3d 173 (D.D.C. 2015); *Freeman v. U.S. Dep't of the Interior*, 37 F.Supp.3d 313 (D.D.C. 2014). We affirm.

First, Freeman argues that the Department's Office of Hearing Appeals lacks authority to determine the validity of mining claims under the General Mining Law of 1872, 30 U.S.C. §§ 22 *et seq.*, as of past—rather than present—dates. The regulation governing challenges to mining claims, 43 C.F.R. § 4.451-1, Freeman contends, speaks only in the present tense and

thus confines DOI's jurisdiction to consideration of circumstances as of the date of the hearing before the agency. The IBLA disagreed with Freeman and assessed the validity of Freeman's mining claims as of 1994 and 2000, the agreed-upon dates of the putative unconstitutional takings, to determine whether Freeman had property interests as of those dates.

■ As the District Court aptly recognized, *Freeman*, 37 F.Supp.3d at 330-32, the Department's authority under its regulation is capacious; it "may initiate contests for *any* cause affecting the legality or validity of *any* ... mining claim." 43 C.F.R. § 4.451-1 (emphases added). The regulation plainly imposes no time restriction—past or present. Indeed, the Department has long considered the validity of mining claims as of past dates in a variety of contexts. For example, where land or minerals have been withdrawn from further "location," *i.e.* mineral claim-staking, under the mining laws, the IBLA assesses the validity of claims on such land or of such minerals as of the date of withdrawal. *See Hallenbeck v. Kleppe*, 590 F.2d 852, 856 (10th Cir. 1979). Similarly, in reviewing mining patent applications, the IBLA determines claim validity using a past date—the patent-application date—and not the hearing date. *See United States v. Carlile*, 67 Interior Dec. 417, 427 (1960). This context warrants no different treatment. As the Supreme Court has observed, "[i]t is difficult to imagine a more appropriate case for invocation of the jurisdiction of an administrative agency for determination of one of the issues involved in a judicial proceeding" than in circumstances such as these, where "Congress has entrusted the Department of the Interior with the management of the public domain and prescribed the process by which claims against the public domain may be perfected." *Best v. Humboldt Placer Min-*

*ing Co.*, 371 U.S. 334, 338-39, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963).

■ Second, Freeman takes issue with the IBLA's determination that his claims were not valuable as of 1994 and 2000, the dates of the alleged takings. The core of Freeman's argument is that the IBLA erred in pricing nickel at approximately $3.00 per pound as of those dates and instead should have considered the 2007 spike in nickel prices to $21.00 per pound. The argument fails. To establish a valid mining claim on federal lands, a citizen must have made a "discovery" of a valuable mineral deposit on lands open to location. *See* 30 U.S.C §§ 22-23, 28. To demonstrate discovery, Freeman was required to show that his claims had mineral deposits "of such a character that 'a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine,'" including that the mineral can be extracted, removed, and marketed at a profit. *United States v. Coleman*, 390 U.S. 599, 602, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968) (quoting *Castle v. Womble*, 19 L.D. 455, 457 (1894)). Freeman points to no persuasive evidence that a person of ordinary prudence could have predicted the later, temporary spike in nickel prices as of the valuation dates, nor does he identify any other basis upon which the Department should have concluded that his claims could have been profitably developed. Also unavailing is Freeman's contention that he needed to show only that he acted as "a person of ordinary prudence would," and that the Department erroneously required him to make any showing at all that his claims were marketable. *Id.* at 602, 88 S.Ct. 1327. *Coleman* makes clear that "the prudent-man test and the marketability test are not distinct standards, but are complementary

in that the latter is a refinement of the former." *Id.* at 603, 88 S.Ct. 1327.

We have carefully considered Freeman's several other claims. For the reasons set forth in the District Court's thorough and well-reasoned opinions, *see generally Freeman*, 83 F.Supp.3d at 182–91; *Freeman*, 37 F.Supp.3d at 329–48, we reject them.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(b).